## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANA ALVARADO and CILTIA BAQUEDANO, on behalf of themselves and all others similarly situated, and EYMI MORENO, and MARIA VALLE, individually,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**CLARVALU, INC. d/b/a MOLLY MAID OF CENTRAL NASSAU COUNTY and ROBERT STERBENS, individually,**<br><br>**Defendants.** | **Case No. 23 Civ. 4338**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Ana Alvarado and Ciltia Baquedano, on behalf of themselves and all others similarly situated, and Eymi Moreno and Maria Valle, individually (collectively, "Plaintiffs"), by and through their attorneys, Kessler Matura P.C., complaining of Defendants Clarvalu, Inc. d/b/a Molly Maid of Central Nassau County ("Clarvalu") and Robert Sterbens, individually (collectively "Defendants"), allege as follows:

### INTRODUCTION

1.     Molly Maid is a nationwide franchisor, with franchise locations that offer residential and commercial cleaning services throughout the country.  Defendants own and operate a Molly Maid location in Nassau County.

2.     Defendants employed Plaintiffs on a full-time basis as Cleaners.

3.     Defendants had a policy to deprive Plaintiffs of a minimum wage, earned overtime wages, and spread-of-hours pay, by misclassifying Plaintiffs as exempt from federal and state protections under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL" or "N.Y. Lab. Law").

1

4.    Instead of paying Plaintiffs on an hourly basis, Defendants paid commissions to each Plaintiff, seemingly based off fees paid to Defendants for the locations that Plaintiffs serviced. However, the commissions never added up to one and one-half times the minimum wage for all hours worked.  In fact, Plaintiffs' regular rates routinely fell below New York's minimum wage. In turn, Plaintiffs could not fit in the FLSA's or NYLL's commissioned salesperson exemptions and were entitled to both the minimum wage and overtime wages.  *See* 29 U.S.C. § 207(i); 29 C.F.R. § 779.410; 12 N.Y.C.R.R. § 142-2.2.

5.    Plaintiffs worked long shifts regularly exceeding 10 hours.  Nevertheless, the Defendants failed to pay Plaintiffs an additional hour at the minimum wage rate, as required by the NYLL.  *See* 12 N.Y.C.R.R. § 142-2.18.

6.    Compounding the wage violations, Defendants failed to keep accurate records or to provide Plaintiffs with an accurate wage notice and wage statements reflecting (among other things) their hours worked and hourly rates, in violation of NYLL § 195.

7.    To remedy the violations of the wage-and-hour provisions of the FLSA, Ciltia Baquedano (the "FLSA Class Representative") brings this action on behalf of herself and all similarly situated current and former Cleaners employed by Defendants within the last three years preceding the filing of this Complaint, who elect to opt-in to this action pursuant to the FLSA (the "FLSA Collective").  At the earliest time possible, she seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Collective members.

8.    To remedy the violations of the NYLL, Ciltia Baquedano and Ana Alvarado (the "NYLL Class Representatives") bring this action on behalf of themselves and all similarly situated current and former Cleaners employed by Defendants ("the NYLL Class") within the last six years preceding the filing of this Complaint (the "NYLL Class Period").    The NYLL Class

Representatives seek class certification under Federal Rule of Civil Procedure 23 to remedy violations of NYLL Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq.*, and the supporting New York State Department of Labor regulations, on behalf of the NYLL Class.

## JURISDICTION & VENUE

9.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*

10.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

11.     This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff Ana Alvarado*

13.     Plaintiff Ana Alvarado is an individual who resides in Nassau County, New York.

14.     At all times relevant to the Complaint, Alvarado was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

15.     Alvarado was employed by Defendants as a Cleaner from in or around August 2018 through January 2020.

***Plaintiff Ciltia Baquedano***

16.     Plaintiff Ciltia Baquedano is an individual who resides in Queens County, New York.

17.     At all times relevant to the Complaint, Baquedano was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

18.     Baquedano was employed by Defendants as a Cleaner from in or around August 2018 through February 2021.

19.     Baquedano expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

***Plaintiff Eymi Moreno***

20.     Plaintiff Eymi Moreno is an individual who resides in Nassau County, New York.

21.     At all times relevant to the Complaint, Moreno was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

22.     Moreno was employed by Defendants as a Cleaner from in or around October 2018 through March 2020.

***Plaintiff Maria Valle***

23.     Plaintiff Maria Valle is an individual who resides in Westchester County, New York.

24.     At all times relevant to the Complaint, Valle was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

25.     Plaintiff was employed by Defendants as a Cleaner from in or around August 2018 through June 2020.

26.     Plaintiff expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

***Defendant Clarvalu, Inc.***

27.     Defendant Clarvalu, Inc. is a domestic business corporation, incorporated in the State of New York.

28.     Clarvalu is doing business as Molly Maid of Central Nassau County.

29.     Clarvalu began doing business as Molly Maid of Central Nassau County in or around August of 2018.

30.     Clarvalu maintains its principal place of business at 45 West St. John Street, Hicksville, New York.

31.     At all times hereinafter mentioned, Clarvalu was an "employer" within the meaning of all applicable statutes.

32.     At all times hereinafter mentioned, the activities of Clarvalu constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

33.     At all times hereinafter mentioned, Clarvalu  employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

34.     Clarvalu's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

35.     At all relevant times, Clarvalu maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices that applied to Plaintiffs.

***Defendant Robert Sterbens***

36.    Defendant Robert Sterbens is the principal and owner of Defendant Clarvalu, Inc.

37.    Upon information and belief and at all times hereinafter mentioned, Sterbens is the Chief Executive Officer of Clarvalu.

38.    Upon information and belief and at all times hereinafter mentioned, Sterbens is the President of Clarvalu.

39.    Sterbens is listed as the President and Principal of Clarvalu on the Better Business Bureau's website.

40.    Upon information and belief, Sterbens is listed on Clarvalu's corporate filings as Chief Executive Officer.

41.    Upon information and belief, Defendant Sterbens is listed on Clarvalu's corporate filings as the person to whom any service of process should be addressed.

42.    Upon information and belief and at all times hereinafter mentioned, Sterbens is an agent of Clarvalu.

43.    Sterbens was regularly present at Molly Maid of Central Nassau's office during Plaintiffs' employment.

44.    At all times relevant to this complaint, Sterbens signed checks on behalf of Clarvalu, including Plaintiffs' paychecks.

45.    Upon information and belief and at all times relevant to this complaint, Sterbens had authority over personnel decisions for Clarvalu.

46.    Upon information and belief and at all times relevant to this complaint, Sterbens had authority over payroll decisions for Clarvalu's employees.

47.     Upon information and belief and at all times relevant to this complaint, Sterbens had the authority to hire and fire employees of Clarvalu.

48.     Upon information and belief and at all times relevant to this complaint, Sterbens had the power to make binding decisions for Clarvalu.

49.     Upon information and belief and at all times relevant to this complaint, Sterbens had the power to transfer the assets or liabilities of Clarvalu.

50.     Upon information and belief and at all times relevant to this complaint, Sterbens had the power to declare bankruptcy on behalf of Clarvalu.

51.     Upon information and belief and at all times relevant to this complaint, Sterbens had the power to enter into contracts on behalf of Clarvalu.

52.     Sterbens is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## COMMON FACTUAL ALLEGATIONS

53.     Defendants opened Molly Maid of Central Nassau County in or around August of 2018.

54.     During Plaintiffs time at Molly Maid of Central Nassau, Sterbens ran the business. Sterbens was consistently present at the company's office location.  Sterbens handled customer relations.  Sterbens set Plaintiffs' work schedules.  Each workday, Sterbens provided Plaintiffs with their house cleaning assignments.  Sterbens paid the Plaintiffs at the end of each week.

55.     While the cleaning assignments changed, Plaintiffs' and other Cleaners' workdays followed a similar routine.

56.     Cleaners arrived at the office at 45 West John Street, in Hicksville, at approximately 8:00 AM.

57.     When they arrived at the office, Cleaners received their cleaning assignments from Sterbens.

58.     Cleaners assembled the necessary cleaning supplies stored at the office and refilled reusable spray bottles with cleaning fluids.

59.     Cleaners then carried the supplies from the office and loaded them into an assigned company car.

60.     At any given time, Defendants maintained three to five company cars, which Cleaners used to drive to and from Defendants' customers' homes.

61.     After loading supplies, the Cleaners then drove in groups to the assigned cleaning locations.

62.     Cleaners cleaned multiple locations in a workday.

63.     After finishing the cleaning assignments for the day, Cleaners returned to the company office.

64.     Cleaners then removed the cleaning supplies from the company cars, carried them inside, and placed used towels in the office's laundry machine.

65.     Generally, Cleaners worked Monday through Friday and every other Saturday.

66.     On weekdays, Cleaners generally finished the workday between 6:00 PM and 8:00 PM.  Saturday shifts tended to end earlier, between 5:00 PM and 6:00 PM.

67.     Cleaners consistently worked over 40 hours a week.  In fact, Plaintiffs worked approximately 50 to 60 hours each week.

68.     Cleaners did not receive hourly pay.  While Cleaners' paystubs contained columns for their hourly rate and hours worked, both columns were left blank on each stub.  The paystubs instead reflected a dollar amount aligned with a row heading for "commission."

69.     Sterbens told Plaintiffs that their pay corresponded to a percentage of the job fees received from the respective customers at their assigned locations.

70.     Upon information and belief, Defendants did not keep complete and accurate records of Cleaners' hours.  Due to Defendants failure to provide employee time records on paystubs, Cleaners' estimates of time worked are based on their recollections.

71.     Cleaners regular hourly rate – gross pay divided by hours worked – routinely amounted to less than New York's minimum wage.

72.     Cleaners' regular hourly rate routinely fell below one and one-half times the New York State minimum wage.

73.     Throughout Cleaners' employment, Defendants failed to compensate them for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times the regular rate of pay.

74.     Cleaners' regular rate and overtime rate routinely fell below the levels set in New York's Wage Order.  *See* 12 N.Y.C.R.R. §§ 142-2.1, 142-2.2.

75.     Additionally, since Defendants did not pay Cleaners at least one and one-half times the minimum wage for all hours worked, the commissioned salesperson exemption did not apply. *See* 29 U.S.C. § 207(i); 29 C.F.R. § 779.410; 12 N.Y.C.R.R. § 142-2.2.

76.     Cleaners regularly worked greater than 10 hours in one shift.

77.     However, Defendants failed to pay an additional hour at the minimum wage rate for every shift in which they worked greater than 10 hours.

78.     Defendants failed to furnish Cleaners with accurate wage statements, as each statement excluded hours worked and rates paid.

79.     Defendants failed to furnish Cleaners with a wage notice at the time of their hiring.

80.     Due to the inaccurate wage statements and lack of hiring notice, Cleaners were kept unaware of their pay rate or hours, further facilitating the minimum wage and overtime pay violations and otherwise hindering Cleaners' ability to negotiate better pay rates.

81.     Defendants managed Cleaners employment, including their schedule and the amount of overtime worked.

82.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

83.     Defendants were aware of Cleaners' work hours but failed to pay Plaintiffs the full amount of wages due under the law.

84.     Defendants' failure to pay proper wages in a timely manner or furnish proper wage statements and hiring notice was without good faith, willful, and with a reckless disregard for the Cleaners' rights.

## **FLSA COLLECTIVE ACTION CLAIMS**

85.     Upon information and belief, Defendants employ approximately 25 cleaners at any given time.  With turnover, there are more than 50 current and former cleaners that are similarly situated to the FLSA Class Representative, who Defendants misclassified as exempt from the FLSA's wage and hour provisions.

86.     The FLSA Class Representative sues on her own behalf and as the class representative and brings the First Cause of Action on behalf of herself and all similarly situated persons who have worked for Defendants as Cleaners and elect to opt-in to this action.

87.     The FLSA Class Representative represents other Cleaners and is acting on behalf of the interests of the FLSA Collective, as well as her own interests in bringing this action.

88. Defendants were aware or should have been aware that the law prohibited them from classifying Plaintiffs and the FLSA Collective as exempt and failing to pay them one and one-half times their regular rate for all hours above 40 in a workweek.

89. Upon information and belief, Defendants applied the same unlawful misclassification and compensation policies and practices to all Cleaners.

90. The FLSA Collective is readily identifiable and locatable through use of the Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

91. The NYLL Class Representatives sue on their own behalf and on behalf of those similarly situated – referred to in this Complaint as the NYLL Class – and bring the Second, Third, Fourth, Fifth, and Sixth Causes of Action pursuant to Fed. R. Civ. P. 23(a) and (b).

92. The persons in the NYLL Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, there are approximately more than 50 members of the NYLL Class during the NYLL Class Period.

93. There are questions of law and fact common to the NYLL Class that predominate over any questions solely affecting individual members of the NYLL Class, including but not limited to:

a. Whether Defendants unlawfully classified Plaintiffs and the NYLL Class as "exempt" from the NYLL's wage and hour provisions and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142-2.2;

b. Whether Defendants failed to pay one and one-half times Plaintiffs' and the NYLL Class's hourly rate, for all hours worked over 40 hours each workweek;

c. Whether Defendants failed to pay Plaintiffs and the NYLL Class at least the minimum wage for all hours worked each workweek;

d. Whether Defendants failed to pay proper spread-of-hours compensation for shifts lasting over 10 hours, in violation of the NYLL and the Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. § 142, *et seq.*

e. Whether Defendants unlawfully failed to furnish accurate wage statements and wage notice to the Plaintiffs and the NYLL Class, in violation of N.Y. Lab. Law § 195;

f. Whether Defendant's policy of classifying Plaintiffs and the NYLL Class as exempt, and in turn failing to pay proper compensation, was instituted without good faith or with reckless disregard for the law;

g. The proper measure of damages sustained by the Plaintiffs and the NYLL Class; and,

h. Whether Defendants should be enjoined from such violations in the future.

94. The NYLL Class Representatives fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

95. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

96. The NYLL Class Representatives and the NYLL Class have been equally affected by Defendants' misclassification and corresponding overtime, minimum wage, and spread-of-

hours violations.  Moreover, members of the New York Class are still employed by Defendants and may be reluctant to raise individual claims for fear of retaliation.

97.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

98.     The NYLL Class Representatives' claims are typical of those of the class.  The NYLL Class Representatives and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein.  The job duties of the NYLL Class Representatives are typical of those of the NYLL Class.

99.     The NYLL Class Representative intends to send notice to all members of the NYLL Class to the extent required by Rule 23.

## PLAINTIFFS' FACTUAL ALLEGATIONS

100.     Plaintiffs all started working for Defendants' Molly Maid of Central Nassau County in 2018 – Alvarado, Baquedano, and Valle that August and Moreno in October.

101.     Throughout Plaintiffs' employment, Defendants failed to compensate each of them for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times the regular rate of pay.

102.     Plaintiffs consistently worked over 40 hours a week.  In fact, Plaintiffs worked approximately 50 to 60 hours each week.

103.     For Alvarado's first week of work for Defendants – the week of August 6, 2018 to August 12, 2018 – her paystub reflected an hourly rate equal to New York's minimum wage at the time, as well as overtime pay at one and one-half times the minimum wage.  The paystub further reflected a precise number of hours of work.

104.   However, after Alvarado's first week, the Plaintiffs did not receive hourly pay. While Plaintiffs' paystubs continued to have columns for their hourly rate and hours worked, both columns were left blank on each stub.  The paystubs instead reflected a dollar amount aligned with a row heading for "commission."

105.   For example:

a.   Alvarado received $572.17 on December 13, 2019 in "commissions," for the week ending five days prior.  Alvarado worked at least 50 hours during that work week. At 50 hours, Alvarado's hourly rate was approximately $11.44 – that is, $572.17 divided by 50 hours.

b.   Baquedano received $590.87 on January 22, 2021 in "commissions" for the week ending five days prior.   Baquedano worked at least 50 hours during that week.  At 50 hours, Baquedano's hourly rate was approximately $11.82.

c.   Moreno received $549.03 on March 6, 2020 in "commissions," for the ending five days prior.  Moreno worked at least 50 hours during that work week.  At 50 hours, Moreno's hourly rate was approximately $10.98.

d.   Valle received $597.56 on May 29, 2020 in "commissions," for the week ending five days prior.  Valle worked at least 50 hours during that week.  At 50 hours, Valle's hourly rate was approximately $11.95.

106.   The New York State minimum wage in Nassau County was: $12/hour in 2019; $13 in 2020; and, $14 in 2021.  *See* 12 N.Y.C.R.R. § 142-2.1.

107.   For each hour over the first 40, the minimum overtime rate was: $18/hour in 2019; $19.50 in 2020; and, $21 in 2021.  *See id.* § 142-2.2.

108.   Thus, Defendants failed to pay the minimum wage or proper overtime wages for each of the example weeks above.

109.   Plaintiffs' regular rate and overtime rate routinely fell below the levels set in New York's Wage Order.  *See id.* §§ 142-2.1, 142-2.2.

110.   Additionally, since Defendants did not pay Plaintiffs at least one and one-half times the minimum wage for all hours worked, the commissioned salesperson exemption did not apply.

*See* 29 U.S.C. § 207(i); 29 C.F.R. § 779.410; 12 N.Y.C.R.R. § 142-2.2 (incorporating FLSA exemptions).

111.   Plaintiffs regularly worked greater than 10 hours in one shift.

112.   That is, Plaintiffs regularly worked from 8:00 am to 6:00 or later, as described above.

113.   However, throughout Plaintiffs' employment, Defendants failed to pay an additional hour at the minimum wage rate for every shift in which they worked greater than 10 hours.

114.   Defendants failed to furnish Plaintiffs with accurate wage statements, as each statement excluded hours worked and rates paid.

115.   Defendants failed to furnish Plaintiffs with a wage notice at the time of their hiring.

116.   Due to the inaccurate wage statements and lack of hiring notice, Plaintiffs were kept unaware of their pay rate or hours, further facilitating the minimum wage and overtime pay violations.

117.   Defendants managed Plaintiffs' employment, including their schedule and the amount of overtime worked.

118.   Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

119.   Defendants were aware of Plaintiffs' work hours but failed to pay Plaintiff the full amount of wages due under the law.

120.   Defendants' failure to pay proper wages in a timely manner or furnish proper wage statements and hiring notice was without good faith, willful, and with a reckless disregard for Plaintiffs' rights.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(On behalf of Ciltia Baquedano, Maria Valle, and the FLSA Collective)**

121.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

122.    Plaintiffs and the FLSA Collective were non-exempt employees, entitled to be paid overtime compensation for all overtime hours worked.

123.    Defendants employed Plaintiffs and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the FLSA Collective for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

124.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

125.    However, none of the Section 13 exemptions apply to the Plaintiffs or the FLSA Collective because they did not meet the requirements for coverage under the exemptions.

126.    Neither Plaintiffs nor the FLSA Collective fall under the commissioned salesperson exemption because they did not receive at least 1.5 times the minimum wage for all hours worked.

127.    Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective.

128.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

129.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the FLSA Collective incurred damages and Defendants are indebted to them in the amount of

the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(On behalf of all Plaintiffs and the NYLL Class)**

130.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

131.    Defendants employed Plaintiffs and the NYLL Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the NYLL Class for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

132.    Plaintiffs and the NYLL Class were not exempt from the overtime provisions of the NYLL because they did not meet the requirements for any of the exemptions available under New York law.

133.    Plaintiffs and the NYLL Class did not fall under the commissioned salesperson exemption because they did not receive at least 1.5 times the minimum wage for all hours worked.

134.    By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq*. and 12 N.Y.C.R.R. § 142-2.2.

135.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the NYLL Class.

136.    Defendants do not possess a good faith basis for believing that their overtime pay practices complied with the law.

137.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the NYLL Class incurred damages and Defendants are indebted to them in the amount of the

unpaid overtime compensation and such other legal and equitable relief as the Court deems just and proper.

138.    Plaintiffs and the NYLL Class seek recovery of unpaid wages, liquidated damages, attorneys' fees, and costs to be paid by Defendants, as provided for by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Failure to Pay Minimum Wage**
**(On behalf of all Plaintiffs and the NYLL Class)**

139.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

140.    The New York State minimum wage was $11.00 per hour in 2018; $12.00 per hour in 2019; $13.00 per hour in 2020;  $14.00 per hour in 2021; and, $15.00 per hour on or after December 31, 2021, as codified by N.Y. Lab. Law § 652(1) and 12 N.Y.C.R.R. § 142-2.1.

141.    Defendants failed to pay Plaintiffs and the NYLL Class at or above the state minimum wage for all hours worked.

142.    Defendants do not possess a good faith basis for believing that the hourly rates paid to Plaintiffs and the NYLL Class complied with the law.

143.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the NYLL Class have incurred damages and the Defendants are indebted to them in the amount of the unpaid wages such other legal and equitable relief as the Court deems just and proper.

144.    Plaintiffs and the NYLL Class seek recovery of unpaid wages, liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendants as provided by the NYLL.

### FOURTH CAUSE OF ACTION
### NYLL – Spread of Hours Pay
### (On behalf of all Plaintiffs and the NYLL Class)

145.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

146.    Defendants failed to pay Plaintiffs and the NYLL Class one additional hour of pay at the minimum wage rate for each day that the spread of hours was greater than ten hours, in violation of N.Y. Lab. Law §§ 650, *et seq*., as codified by 12 N.Y.C.R.R. § 142-2.18.

147.    Defendants do not possess a good faith basis for believing that their wage and hour policies and practices, including failure to pay spread-of-hours pay, complied with the law.

148.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the NYLL Class have incurred damages and the Defendants are indebted to them in the amount of the unpaid spread- of-hours compensation and such other legal and equitable relief as the Court deems just and proper.

149.    Plaintiffs and the NYLL Class seek recovery of unpaid wages, liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendants, as provided by the NYLL.

### FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements
### (On behalf of all Plaintiffs and the NYLL Class)

150.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

151.    Defendants failed to supply Plaintiffs and the NYLL Class with an accurate statement of wages with every payment of wages as required by N.Y. Lab. Law § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

152.    Due to Defendants' violations of N.Y. Lab. Law § 195(3), Plaintiffs and the NYLL Class are entitled to statutory penalties of $250 dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of $5,000 dollars, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198 (1-d).

**<u>SIXTH CAUSE OF ACTION</u>**
**NYLL – Failure to Provide Wage Notices**
**(On behalf of all Plaintiffs and the NYLL Class)**

153.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

154.    Defendants failed to supply Plaintiffs and the NYLL Class with a wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as Plaintiffs' primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

155.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the NYLL Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ana Alvarado and Ciltia Baquedano, on behalf of themselves and all others similarly situated, and Eymi Moreno and Maria Valle seek the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, were employed by Defendants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.    Designation of Plaintiffs Ana Alvarado and Ciltia Baquedano as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

D.    Unpaid overtime pay and an additional and equal amount as liquidated damages, pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.    Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

F.    Unpaid minimum wages and additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York Minimum Wage Order;

G.      Unpaid spread-of-hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York Minimum Wage Order;

H.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

I.      Pre-judgment interest and post-judgment interest as provided by law;

J.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

K.      Attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
      June 13, 2023

Respectfully submitted,

**KESSLER MATURA P.C.**

By: /s/ Troy L. Kessler
      Troy L. Kessler

Troy L. Kessler
Garrett Kaske
Benjamin A. Goldstein
534 Broadhollow Road, Suite 275
Melville, NY 11747
(631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com
bgoldstein@kesslermatura.com

***Attorneys for Plaintiffs, the Putative Collective Action, and the Putative Class Action***

# **EXHIBIT A**

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Clarvalu, Inc. d/b/a Molly Maid of Central Nassau County ("Molly Maid") and Robert Sterbens, to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Molly Maid and Sterbens.

2. During the past 3 years, there were occasions when I worked more than 40 hours in a week for Molly Maid and Sterbens, and I did not receive proper overtime compensation for those hours.

3. I authorize Kessler Matura P.C. to represent me in this case.

Date: _____

_____
Signature

_____
Print Name

## FORMULARIO DE CONSENTIMIENTO

1. Consiento para afirmar reclamaciones por violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*, contra mi empleador actual/anterior, Clarvalu, Inc. d/b/a Molly Maid of Central Nassau County ("Molly Maid") y Robert Sterbens, para asegurar cualquier ayuda que podrá concederse, incluyendo pago de horas extras, daños y perjuicios, honorarios de abogados, gastos y cualquier otra reparación que surja de mi empleo con Molly Maid and Sterbens.

2. Durante los últimos 3 años, había ocasiones en que he trabajado más de 40 horas a la semana para Molly Maid y Sterbens, y no recibí compensación adecuada por aquellas horas.

3. Consiento a Kessler Matura P.C. para representarme en este pleito.

Fecha: _____
6/12/2023

*CILTIA R BAQUEDNO ZEPEDA*

_____
Firma
CILTIA R BAQUEDNO ZEPEDA
E3BC9FF546014CB...

_____
Nombre en Letra

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Clarvalu, Inc. d/b/a Molly Maid of Central Nassau County ("Molly Maid") and Robert Sterbens, to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Molly Maid and Sterbens.

2. During the past 3 years, there were occasions when I worked more than 40 hours in a week for Molly Maid and Sterbens, and I did not receive proper overtime compensation for those hours.

3. I authorize Kessler Matura P.C. to represent me in this case.

Date: _____

_____
Signature

_____
Print Name

## FORMULARIO DE CONSENTIMIENTO

1. Consiento para afirmar reclamaciones por violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*, contra mi empleador actual/anterior, Clarvalu, Inc. d/b/a Molly Maid of Central Nassau County ("Molly Maid") y Robert Sterbens, para asegurar cualquier ayuda que podrá concederse, incluyendo pago de horas extras, daños y perjuicios, honorarios de abogados, gastos y cualquier otra reparación que surja de mi empleo con Molly Maid and Sterbens.

2. Durante los últimos 3 años, había ocasiones en que he trabajado más de 40 horas a la semana para Molly Maid y Sterbens, y no recibí compensación adecuada por aquellas horas.

3. Consiento a Kessler Matura P.C. para representarme en este pleito.

Fecha: 6/12/2023 _____

_____
*Maria Valle*
DocuSigned by: 38D021F8A5CA4E1...
Firma

_____
Nombre en Letra